1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

GARY E. BOLTON, SR.,

             Plaintiff,

    v.

ANDRE TONY MILLER,

            Defendant.

_____/

No. 15-cv-3505 LB

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

[Re: ECF No. 1]

**INTRODUCTION**

    Gary E. Bolton, Sr., formerly an inmate at the Martinez Detention Facility and now at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983.  Mr. Bolton has consented to proceed before a magistrate judge.  (ECF No. 1 at 4.)[1]  His complaint is now before the court for review under 28 U.S.C. § 1915A.   This order dismisses the complaint, and requires Mr. Bolton to file an amended complaint.

**STATEMENT**

    The complaint alleges the following: The defendant, Andre Tony Miller, is Mr. Bolton's uncle. Mr. Miller is trying to have Mr. Bolton killed for insurance proceeds.  "He payed officers to brake my hand.   And he has had me sent to jail and bet by police.  I fear for my life.  He also had my

_____

    [1]Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

1   blood sent to Arizona. . . . I also found a 4.69 million dollar check that was took this year by him.  I

2   also believe he was getting payed because of me.  I once seen a full envelope that read Federal on it.

3   I was also po[ison]ed by his works [and] followed by special agents." (ECF No. 1 at 3 (errors in

4   source).)  Mr. Bolton fears for his life and is "followed by the medical van everywhere [he goes] and

5   once had [his] blood drained out [of his body]." (ECF No. 1 at 5.)  Mr. Bolton is listed as an organ

6   donor, and attributes that fact to Mr. Miller's daughter working at a hospital.  (*Id.*).  Mr. Bolton

7   states that he "turned to drugs & porn" after his heart was broken.  (*Id.* at 6.)  He states further:

8   "Because I feel in love with porn this man exposed me and tryed to make me out to be a pervert.

9   The 911 records will show . . . people called the police on me everywhere I went, I reported

10  everything by also calling 911."  (*Id.*)  Then women "started getting raped and people started

11  getting killed."  (*Id.*)  Mr. Bolton states: "I have a special gift[.]  I have seen the future before and I

12  know I am a son of God."  (*Id.*)  Mr. Bolton found checks for $4.69 million and $5.5 million for a

13  lottery winner and tried to turn them in to the San Francisco Mayor but the checks were gone when

14  he went to retrieve them at his uncle's home.  (*Id.*)  Mr. Bolton fears for his life in the hospital in

15  Martinez because he is in the hospital with the same people who have been trying to kill him on the

16  streets.  (*Id.* at 7.)

17                                    **ANALYSIS**

18      A federal court must engage in a preliminary screening of any case in which a prisoner seeks

19  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

21  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22  monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

23      The complaint must contain "a short and plain statement of the claim showing that the pleader is

24  entitled to relief."  Fed. R. Civ. P. 8(a).  "Specific facts are not necessary; the statement need only . .

25  . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

26  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

27  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

28  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The civil rights complaint has two major problems.  First, the complaint does not allege facts showing state action by the only defendant.  Private individuals generally do not act under color of state law, and therefore are not liable under § 1983.  However, action taken by private individuals may be under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  State action may be found where private individuals are willful participants in joint activity with the State or its agents in effecting a constitutional violation, *see id.* at 296, as may exist when there is an agreement or conspiracy between a government actor and a private party.  *See Dennis v. Sparks*, 449 U.S. 24, 29 (1980).  Mr. Bolton did not include any nonconclusory allegations suggesting that Mr. Miller was a state actor or that his activities should be treated as actions of the State itself.

Second, the allegations of the complaint appear to be somewhere on the spectrum between implausible and delusional.  The *in forma pauperis* statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28 U.S.C. § 1915A, accord judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also*

1  *Andrews v. King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or

2  importance: having no basis in law or fact.'").   Even a complaint that is not actually delusional, but

3  does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell*

4  *Atlantic Corp. v. Twombly*, 550 U.S. at 555.   Mr. Bolton's story that his uncle is trying to have him

5  killed fails to state enough facts to present a claim to relief that is plausible on its face.

6      Mr. Bolton will be permitted to file an amended complaint.   In his amended complaint, Mr.

7  Bolton must allege facts showing that Mr. Miller is a state action or that Mr. Miller's actions should

8  be attributed to the state.   Mr. Bolton must allege facts to present a claim to relief that is plausible on

9  its face.

10                                    **CONCLUSION**

11      For the foregoing reasons, the complaint is dismissed and the complaint is **DISMISSED WITH**

12  **LEAVE TO AMEND**.   The amended complaint must be filed no later than **October 23, 2015**, and

13  must include the caption and civil case number used in this order and the words AMENDED

14  COMPLAINT on the first page.   Mr. Bolton is cautioned that his amended complaint will supersede

15  existing pleadings and must be a complete statement of his claims, except that he does not need to

16  plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa*

17  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).   Failure to file the amended complaint by the

18  deadline will result in the dismissal of the action for failure to state a claim.

19      **IT IS SO ORDERED.**

20  Dated: September 23, 2015

21                                    _____
                                      LAUREL BEELER
22                                    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**